## Case No. 7,207.

### In re JANEWAY et al.

[8 Ben. 267.] [2]

District Court, S. D. New York. Dec., 1875.

Carter & Eaton, for the composition.
W. A. Coursen, in opposition.

BLATCHFORD, District Judge. The terms of the composition in this case, as confirmed by the required number and amount of creditors, are, that the firm of [William R.] Janeway & Co. is to pay 75 per cent. of its debts, in 5 equal instalments of 15 per cent. each, in 12, 18, 24, 30 and 36 months, evidenced by the notes of the firm for like amounts and on like times, bearing interest, but unsecured and unendorsed, and the individual members of the firm are to pay their individual debts in full, in 5 equal instalments of 20 per cent. each, in 12, 18, 24, 30 and 36 months, evidenced by their respective individual notes for like amounts and on like times, bearing interest, but unsecured and unendorsed. The composition further provides, that the notes shall be deliverable within 10 days after the date of the order of the court confirming the resolutions of composition. It also provides, that, immediately upon the recording of the resolutions by the order of the court, all the property, books and estate of all the debtors shall be restored to them and revert to them, the same as if no proceedings in view of their recent insolvency had taken place, and the proceedings in bankruptcy shall be discontinued or perpetually stayed, at the option of the debtors, and an order to that effect may be entered, without further notice to the creditors.

This may truly be said to be no composition whatever. The creditors, after instituting proceedings in involuntary bankruptcy against the debtors, agree to a composition which provides, that, as soon as the resolution confirming the composition shall be recorded, all the property of the debtors shall revert to them the same as if no bankruptcy proceedings had taken place, and an order discontinuing such proceedings may be entered, at the option of the debtors, without further notice to the creditors. All this is to be done before any money is paid or any notes are given, and, ten days after the bankruptcy proceedings may be discontinued and put out of court, the notes are to be given. The

---

[1] [Reported by Samuel H. Hempstead, Esq.]
[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

court will have lost all power to enforce even the giving of the notes, because the whole matter will be out of court. The creditors will be no better off than if they were to discontinue themselves the proceedings they have commenced, without asking the court to confirm the resolution of composition, and then treat with the debtors for a settlement. I certainly cannot say that I am satisfied that this so-called composition is for the best interest of all concerned. I must, therefore, refuse to order a second meeting of creditors.